UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

        v.

ARAFAT M. NAGI,

        Defendant.

**DECISION AND ORDER**

15-MJ-2122

---

On July 28, 2015, the Government filed a complaint charging defendant Arafat M. Nagi ("Nagi") with attempting to provide material support and resources to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). In the complaint, the Government accuses Nagi of using social media extensively to promote the Islamic State of Iraq and the Levant ("ISIL"). The Government also details numerous actions that Nagi allegedly took to join ISIL or to promote it, including stockpiling combat tactical gear and traveling to Turkey with the intent to enter Syria in areas controlled by ISIL. Agents arrested Nagi on July 29, 2015.

The Court held an initial appearance for Nagi on July 29, 2015. At the initial appearance, the Government moved for detention. At defense counsel's request, the Court continued the detention hearing today, on July 31, 2015. The Government's proffer at today's hearing tracked the information in the complaint, with respect to extensive social media use, extensive acquisition of military or combat tactical gear, and travel plans to Turkey and Syria. Nagi countered that

most of the Government's complaint and proffer focused on the social media usage, which constituted mere speech or rhetoric.  The Government, according to Nagi, has no evidence of an intent to harm anyone in the local community and no evidence that he owns firearms.  Nagi also downplayed any evidence of travel to Turkey as legal travel, on a valid passport, that was fully documented at all times.  Nagi concluded his proffer by proposing a bail package that would include a bond secured by real property and the signatures of multiple family members as sureties.  Nagi urged the Court not to detain him based on rhetoric that, however explicit or controversial, is not accompanied by evidence to convert that rhetoric into specific actions.

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.'  U.S. Const. amend. VIII.  Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'"  *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).  Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to

any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Here, and as explained in open court earlier today, several factors weigh in favor of detention. Nagi faces serious charges involving recruiting for and promoting international terrorism. The charges are serious in themselves but also create an extra factor to consider under 18 U.S.C. § 3142(g)(1). Nagi has a history of international travel, possesses travel documents that allow international travel, and purportedly has international ties. With respect to alleged social media use, Nagi did not mention the First Amendment by name at today's

3

hearing but essentially invoked it when urging the Court not to punish him for any explicit or controversial comments attributed to him.  The Court might have been more receptive to that argument if the online comments and postings had been less voluminous and less explicit.  The volume and nature of the social media usage, however, indicate that Nagi has formed a strong intent to join and to support ISIL and was looking for opportunities to do so.  *Cf. U.S. v. Kinison*, No. 5:12-CR-57-JBC-REW, 2012 WL 4433296, at *4 (E.D. Ky. Sept. 24, 2012) ("While a *mere fantasy* about [criminal conduct] may be marginally less dangerous than an *actual conspiracy* to so act, a mindset capable of hatching and verbalizing such a fantasy is acutely perilous.").  As for criminal history, Nagi has had orders of protection filed against him and has a history of violent conduct.  *Cf. U.S. v. Petrov*, 604 F. App'x 66, 67 (2d Cir. May 19, 2015) (summary order) (affirming a finding of dangerousness where the defendant issued threats and "had already been the subject of two protective orders in connection with domestic dispute").  Nagi's acquisition of extensive amounts of combat tactical gear coincide with the history of violent conduct and the social media postings and together go well beyond any innocuous explanation.  *Cf. U.S. v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (affirming a finding of dangerousness after considering, *inter alia*, email correspondence connected to a terrorist organization, a willingness to send money and material support to terrorist organizations, and an accumulation of weapons and military manuals).

Under these circumstances, release options such as curfews, home incarceration, or bail packages like the one that Nagi proposed will not suffice to address his well-considered desire to promote international terrorism. The Court thus finds by a preponderance of the evidence that Nagi poses a flight risk. The Court also finds by clear and convincing evidence that Nagi poses a danger to the community.

## CONCLUSION

For all of the foregoing reasons, the Court grants the Government's motion for detention.

Nagi will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's continued order of detention, and pursuant to 18 U.S.C. § 3142(i)(3), the Attorney General must afford Nagi reasonable opportunity for private consultation with counsel. *See also U.S. v. Rodriguez* ("Rodriguez I"), No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014) (Scott, *M.J.*). Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Robertson is confined must deliver Nagi to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case. *See also U.S. v. Rodriguez* ("Rodriguez II"), No. 12-CR-83S, 2015 WL 1120157,

at *7 (W.D.N.Y. Mar. 12, 2015) (Scott, *M.J.*) (interpreting 18 U.S.C. § 3142(i)(4) to allow transports to prepare for an oral argument or hearing).

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order will be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

__/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: July 31, 2015